**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
DANIEL E. RASTALL, et al.,          :   CIVIL ACTION NO. 09-5150 (MLC)
                                    :
     Plaintiffs,                    :       O P I N I O N
                                    :
     v.                             :
                                    :
FERMIN C. GARCIA, et al.,           :
                                    :
     Defendants.                    :
                                    :
```

**THE PLAINTIFFS** brought this action on October 8, 2009, to recover damages for medical malpractice, and assert jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** allege that they are New Jersey citizens.  (See Compl. at 1.)  But the plaintiffs fail to allege (1) the citizenship of each individual defendant ("Individual Defendant"), and (2) the citizenship of the non-individual defendant ("Non-Individual Defendant").  (See, e.g., Compl. at 1-2 (listing state where defendants are licensed and conduct business, but not states in which they are citizens).)  The plaintiffs must allege the states in which each defendant is a citizen; allegations as to where any party resides, is licensed, or has a place of business will not properly invoke jurisdiction.  See McCracken v.

Conocophillips Co., No. 09-1800, 2009 WL 1911764, at *1 (3d Cir. July 6, 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**THE PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.  If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing".  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).  Thus, the plaintiffs must

properly demonstrate (1) the citizenship of each Individual Defendant as it existed on October 8, 2009, e.g., list each home address with supporting documentation, (2) the nature of ownership of the Non-Individual Defendant — e.g., corporation, unincorporated association, trust — and then properly analyze its citizenship as it existed on October 8, 2009,[1] and (3) that there is jurisdiction under Section 1332.  The plaintiffs are further advised that they must specifically assert each party's citizenship as it existed on October 8, 2009.

**THE PLAINTIFFS**, if moving to reopen, must not restate the allegations from the Complaint.  Also, a response as to where any party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction.  See Cruz, 277 Fed.Appx. at 162. A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than New Jersey" or "no defendant is a New Jersey citizen") will be unacceptable. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information

---

[1] See, e.g., 28 U.S.C. § 1332(c)(1); Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, 540 F.3d 179, 182 (3d Cir. 2008); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 203-08 (3d Cir. 2007).

and belief "does not convince the Court that there is diversity among the parties"). As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** will issue an appropriate order and judgment.[2]

                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:  October 9, 2009

---

[2] The action, if it is reopened here, may be transferred to another venue, e.g., the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. §§ 1391, 1404, 1406; Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).